IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NATHAN DEWAYNE MCDANIEL, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-785-O |
| | § | |
| BOBBY LUMPKIN, Director, TDCJ-CID, | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Nathan Dewayne McDaniel ("McDaniel"), a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), against Respondent Bobby Lumpkin, director of that division. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the § 2254 petition must be dismissed as time-barred.

**I.   BACKGROUND**

**A.   Procedural History**

McDaniel is in custody pursuant to the judgments and sentences of the 355th Judicial District Court, Hood County, Texas, in cause number CR13832. CR-01 at 71–73, 75–77; SHR at 138–140, 142–144.[1] McDaniel was charged by indictment with two counts of sexual assault of a child (Counts I and II) and two counts of indecency with a child by sexual contact (Counts III

---

[1] "CR" refers to the Clerk's Record of pleadings and documents filed with the trial court in cause number CR13832 with a "-01" or "-02" indicating the volume number and followed by the relevant page numbers. "SHR" refers to the clerk's record of the state habeas pleadings filed with the court during McDaniel's state habeas proceedings. *See generally Ex parte McDaniel*, No. 92,517-01 (Tex. Crim. App. 2021), ECF No. 14-28 through 14-29.

1

and IV). CR-01 at 8–9, ECF No. 14-1. McDaniel pleaded not guilty to the offenses. CR-01 at 11, ECF No. 14-1. At trial, the jury found McDaniel guilty of Counts I and II and acquitted McDaniel of Count IV. CR-01 at 55-56, ECF No. 14-2. The State dismissed Count III. CR-01 at 68–69, ECF No. 14-2. On May 24, 2018, the jury assessed McDaniel's punishment to ninety-nine years of imprisonment and a $10,000 fine for Counts I and II, with both sentences to be served concurrently. CR-01 at 62-63, 71–73, 75–77, ECF No. 14-2.

McDaniel filed a direct appeal but the First Court of Appeals of Texas affirmed McDaniel's convictions. *McDaniel v. State*, No. 01-18-00598-CR, 2019 WL 3022683 (Tex. App.—Houston [1st Dist.] July 11, 2019, pet. dism'd).[2] The Texas Court of Criminal Appeals ("TCCA") granted McDaniel three motions for extension of time to file a petition for discretionary review ("PDR"), which extended the time to file a PDR until November 8, 2019. *See* https://search.txcourts.gov/SearchMedia.aspx?MediaVersionID=22940a8d-b028-4b96-9dbd-12632dd8f1c8&coa=coscca&DT=EXT%20PDR%20DISP/NFE&MediaID=5bcbd960-f844b5bf-91526eaa1b78 (last visited June 27, 2022) (internet site of the TCCA showing McDaniel's time for filing a petition for discretionary review was extended until November 8, 2019). On November 27, 2019, the TCCA dismissed McDaniel's PDR as untimely filed. *McDaniel v. State*, PD-0838-19; *McDaniel*, 2019 WL 3022683 at *1. On January 6, 2020, the TCCA decided to take no action on McDaniel's request for rehearing because the motion was untimely. *See* https://search.txcourts.gov/SearchMedia.aspx?MediaVersionID=26437764-5dd3-46f1-93eb0aafa17d6350&coa=coscca&DT=REH%20RECD/UNTIMELY&MediaID=b3b9a8d4-68f94c7c874d-

---

[2]McDaniel's appeal was transferred from the Second Court of Appeals of Fort Worth, Texas, to the First Court of Appeals pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See McDaniel*, 2019 WL 3022683, at *1 n.3; *see also* Tex. Gov't Code Ann. § 73.001.

005 fc7abe113 (last visited June 27, 2022) (internet site of the TCCA showing a motion for rehearing was received, but no action was taken as the motion for rehearing was untimely).

McDaniel signed his state habeas application challenging his convictions on February 11, 2021.[3] SHR at 21, ECF No. 14-29. The district clerk file-stamped the application on March 1, 2021. SHR at 6, ECF No. 14-29. On April 21, 2021, the TCCA denied the application without written order. SHR at cover (Action Taken), ECF No. 14-28. On June 23, 2021, McDaniel constructively filed the instant federal petition for relief under 28 U.S.C. § 2254.[4] Pet. 12, ECF No. 1.

### B. Factual Overview

The court of appeals summarized the relevant facts:

McDaniel is the father of the two girls "Mary" and "Cathy." While in high school, Mary told her boyfriend via text message that McDaniel had sexually abused her over a period of time. The boyfriend's mother discovered the messages. She reported what Mary said to school personnel, who then contacted law enforcement. Investigators sent Mary to a nearby hospital to be seen by a Sexual Assault Nurse Examiner ("SANE").

The SANE that examined Mary, S. Henley, testified at trial. She described her process for conducting a medical exam of a child who has allegedly been sexually assaulted. Henley does "a full head-to-toe assessment" of the child, including by taking a "past medical history" and a "history of present illness." To do so,

---

[3] "[U]nder Texas law the pleadings of pro se inmates, including petitions for state post-conviction relief, are deemed filed at the time they are delivered to prison authorities." *Richards v. Thaler*, 710 F.3d 573, 578 (5th Cir. 2013). The form state application for writ of habeas corpus, however, does not require the petitioner to provide a date on which he submitted his application to prison officials. McDaniel signed his state habeas application on February 11, 2021, and the district clerk file-stamped the application on March 1, 2021. SHR at 6, 21, ECF No. 14-29. For limitations purposes, the Court will use the dates McDaniel signed the state writ application as the earliest date.

[4] A pro se petitioner's habeas petition is deemed filed, for purposes of determining the applicability of the statute of limitations, when he delivered the writ petition to prison authorities for mailing. *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002); *Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998). McDaniel certified that he placed his petition in the prison mailing system on June 23, 2021. Pet. 12, ECF No. 1.

>  Henley uses "a protocol of specific questions." In response to Henley's questions, Mary told her both that McDaniel had put his finger or hand in her vagina and that he had penetrated her vagina with his penis. Both acts caused Mary pain. Mary also told Henley that McDaniel had put his finger or hand "in her butt" but that he had not also put his penis or any other foreign object "in her butt."
>
>  Mary testified at trial too. She said that, once, while she was lying down in her room after a long day at school, McDaniel entered her room. Both she and he were wearing pajamas. McDaniel got on her bed, she froze and didn't say or do anything because she was scared, and "his penis went into [her] vagina."
>
>  Based in part on Henley's and Mary's testimony, the jury convicted McDaniel both of sexual assault of a child by causing the penetration of Mary's sexual organ with his penis and of sexual assault of a child by causing the penetration of Mary's sexual organ with his finger. The court entered judgments of conviction on the jury's verdict.

*McDaniel*, 2019 WL 3022683, at *1–2 (footnote and internal citations omitted).

## II.  ISSUES

The Court understands McDaniel to allege that he was denied due process of law and is entitled to relief on the following two grounds for relief:

>  (1) There is no evidence to support his conviction on Count II for sexual assault of a child by digital penetration; and
>
>  (2) There was no evidence to prove the bigamy element of the offenses in Counts I and II, so he is quasi-actually innocent and guilty only of second-degree sexual assault, rendering him ineligible for the ninety-nine-year sentences of imprisonment.

Pet. 6–8, ECF No. 1; Brief 4–6, ECF No. 2.

## III.  ANALYSIS

### A.  Application of the Statute of Limitations

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

4

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. §§ 2244(d)(1)–(2).

As an initial matter, the record does not indicate that any unconstitutional "State action" prevented McDaniel from filing his federal petition for habeas corpus relief prior to the end of the limitations period. *See* 28 U.S.C. § 2244(d)(1)(B). Also, McDaniel's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *See* 28 U.S.C. 2244(d)(1)(c). And McDaniel has not shown that he could not have discovered the factual predicate of his claims until a date after the date his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(D). Accordingly, the Court concludes that

5

the date the limitations period began to run on McDaniel's claims is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

After his conviction, McDaniel appealed to the First Court of Appeals of Texas which affirmed the judgment of the trial court. *McDaniel*, 2019 WL 3022683. McDaniel was then granted three extensions of time to file his PDR, extending the time until November 8, 2019. *See supra.* Procedural History. Ultimately, McDaniel filed a PDR, but the TCCA dismissed it as untimely. *See McDaniel*, 2019 WL 3022683 at Style; *McDaniel*, PD-0838-19. Thus, McDaniel's conviction became final on November 8, 2019, the last day on which he could have timely filed a PDR with the TCCA. *See Rodriguez v. Stephens*, No. 3:15-cv-823-L, 2015 WL 3398198, at *3 (N.D. Tex. May 26, 2015) ("Petitioner's convictions became final on . . . the last day on which he could have timely filed PDRs with the Court of Criminal Appeals. . . . His untimely attempts to file PDRs do not affect the finality of his convictions for purposes of the AEDPA's limitations period.") (citing *White v. Thaler*, No. 3:12-cv-2638-B (BK), 2013 WL 363466, at *2 (N.D. Tex. Jan. 2, 2013)); *Gonzales v. Thaler*, 565 U.S. 134, 150 (2012) (holding that a state court conviction becomes final when the time for seeking discretionary review in the state's highest court expires). Thus, absent tolling, the one-year limitations period for filing a federal petition under § 2244(d)(1)(A) ended on November 8, 2020. McDaniel's § 2254 petition, constructively filed on June 23, 2021, was filed over seven months too late and is subject to dismissal as time-barred absent any application of statutory or equitable tolling. Pet.12, ECF No. 1.

    1.    <u>Statutory Tolling Under 28 U.S.C. § 2244(d)(2)</u>

As noted, McDaniel signed his state habeas application on February 11, 2021. SHR at 21, ECF No. 14-29. That date, however, was after the applicable limitations period expired in November 2020. An application filed in state court after the limitations period has expired does not operate to statutorily toll the limitations period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("Scott's state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitation had expired") (emphasis in original). As a result, McDaniel is not entitled to statutory tolling for the time his state habeas application was pending. *See Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013).

    2.    <u>Equitable Tolling</u>

The one-year limitation period for filing a petition under § 2254 is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010). Equitable tolling should be applied only in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). More specifically, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Grooms v. Johnson*, 208 F.3d 488, 489–90 (5th Cir. 1999) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (*abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605 (5th cir. 2006)). McDaniel bears the burden to show entitlement to equitable tolling. *See e.g. Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000).

McDaniel claims that equitable tolling should apply because "[f]rom April 2020 to November 16, 2020, [he] did not have direct access to the unit law library." "[f]rom April 2020 to May 2021, there were no in session or legal visits between offenders permitted;" and "no

7

additional time in the law library has been permitted since April 2020." Pet.11, ECF No. 1. Though McDaniel does not explicitly say why he did not have "direct access" to the law library, the Court assumes this time period to have been during Covid-19 related lockdowns. To prevail on this claim, McDaniel must allege more than his access to the law library was restricted. He must allege "a causal link between his alleged restricted access and his inability to timely file his federal habeas petition" and show how his limited access to the library actually prevented him from filing a timely petition. *Jackson v. Stephens*, No. 3:15-cv-2238-L (BH), 2016 WL 4249902, at *3 (N.D. Tex. June 22, 2016), *rep. and rec. adopted*, 2016 WL 4208088 (N.D. Tex. Aug. 10, 2016); *see Whitfield v. Davis*, No. 7:18-cv-066-M (BP), 2018 WL 3747925, at *2 (N.D. Tex. July 12, 2018) (citing *Felder*, 204 F.3d at 172–73 (rejecting a claim that an inadequate law library warranted equitable tolling)). Here, McDaniel only asserts that he was denied "direct access" to the law library, but he does not assert facts as to why the lack of immediate legal materials prevented him from filing a timely habeas application. *See generally* Pet. at 11. Furthermore, "a delay in access to the law library is not itself a rare and exceptional circumstance that warrants equitable tolling." *Jackson*, 2016 WL 4249902, at *4 (*citing* Lewis v. Casey, 518 U.S. 343, 362 (1996)).

Furthermore, McDaniel does not claim that any issue prevented him until April 2020. Pet. 11, ECF No. 1. Thus, according to his own timeline, he had from November 2019, when the TCCA dismissed his petition for discretionary review, until April 2020, with unrestricted access to the law library to conduct research and timely file his federal petition. But McDaniel did not take any action in his case until February 2021 when he signed and submitted his state petition, and in June 2021 when he filed his federal petition. *See generally* SHR at 21, ECF No. 14-29;

Pet. 12, ECF No. 1. "In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief." *Coleman*, 184 F.3d at 403. McDaniel has failed to show that he diligently pursued relief as he waited fifteen months after his conviction became final to file a state habeas application and another two months from the TCCA's denial to seek federal review. Indeed, "[e]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). McDaniel has not shown the kind of diligence to support any claim of equitable tolling.

Further, McDaniel complains that he "is a non[-]lawyer who represented himself in the state habeas corpus proceeding and this proceeding." Pet. 11, ECF No. 1. Ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse prompt filing. *See Felder*, 204 F.3d at 171; *Flanagan v. Johnson*, 154 F.3d 196, 198–99 (5th Cir. 1998) (petitioner's failure to discover the significance of the operative facts does not constitute cause).

For all of these reasons, McDaniel is not entitled to equitable tolling.

**B.     McDaniel's Actual Innocence Claim Fails to meet the Requirements of *McQuiggin v. Perkins*.**

The Supreme Court has held that the AEDPA statute of limitations can be overcome by a showing of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Reviewing McDaniel's claims as construed to allege that he is actually innocent, McDaniel fails to satisfy the conditions for such relief set forth in *McQuiggin. See* Pet. 6–8, ECF No. 1; Brief 4–6, ECF No. 2.

In *McQuiggin*, the Supreme Court held that tenable claims of actual innocence serve as a gateway through which the petitioner may pass, allowing his underlying constitutional claims to

9

be considered despite being raised outside the AEDPA statute of limitations. 569 U.S. at 386. However, "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298 (1995), and citing *House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met)).

In this context, newly discovered evidence of a petitioner's "[a]ctual innocence" refers to factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623–24 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). "A prototypical example of 'actual innocence' in a colloquial sense is the case where the State has convicted the wrong person of the crime." *Sawyer*, 505 U.S. at 340. And while diligence is not a discrete requirement, the timing of the federal habeas petition bears on the credibility of the evidence proffered to show actual innocence. *See McQuiggin*, 569 U.S. at 399–400. Ultimately, "[t]he miscarriage of justice exception . . . applies to a severely confined category" of otherwise untimely claims. *Id.* at 395.

McDaniel claims that there was no evidence to support his conviction for Count II, sexual assault by digital penetration, and that he is quasi-actually innocent of both Counts I and II because there was no evidence to prove the bigamy element of the offenses under section 25.01 of the Texas Penal Code. Pet. 6–8, ECF No. 1; Brief 4–6, ECF No. 2 (citing Tex. Penal Code Ann. § 25.01). But McDaniel fails to provide any actual evidence to support these otherwise conclusory assertions. And these contentions are directed at the *legal sufficiency* of the evidence, not McDaniel's factual innocence. Thus, McDaniel fails to provide evidence sufficient to show that it is more likely than not that no reasonable juror could have convicted him in light of such

evidence. *See McQuiggin*, 569 U.S. at 401 ("We stress once again that the *Schlup* standard is demanding. The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'") (quoting *Schlup*, 513 U.S. at 316).

Furthermore, McDaniel must show that the alleged "newly-discovered evidence" was not known to him at the time of trial and could not have been known to him even with the exercise of due diligence. *McQuiggin*, 569 U.S. at 400–401. McDaniel fails to show that any alleged evidence was unavailable at the time of trial. Pet. 6–8, ECF No.1; Brief 4–6, ECF No. 2. McDaniel's claims that he is innocent of the charges of sexual assault of a child ignore arguments available to and known by him at the time of trial.

For all of these reasons, McDaniel fails to meet the standard of factual innocence, and for the reasons otherwise explained, his petition under § 2254 must be dismissed with prejudice as barred by the applicable statute of limitations.[5]

## IV.     CONCLUSION

It is therefore **ORDERED** that Nathan Dewayne McDaniel's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** with prejudice as time-barred. Further,

---

[5]The Respondent alternatively argued that McDaniel's claims are either not cognizable or are procedurally barred. Resp. 15-18, ECF No. 13. Because the § 2254 must be dismissed as time-barred, the

pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

    **SO ORDERED** on this **30th day** of **June, 2022.**

                                            _____
                                            Reed O'Connor
                                            UNITED STATES DISTRICT JUDGE

---

Court does not reach these alternative grounds.